# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

HORACE GREGORY BRIGHTWELL, :
AIS 239772,
:
    Petitioner,
:
vs.                                     CA 11-0165-WS-C
:
TONY PATTERSON,
:
    Respondent.

## REPORT AND RECOMMENDATION

Horace Gregory Brightwell, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).[1]

## FINDINGS OF FACT

1.     According to the allegations gleaned from the petition for writ of habeas corpus filed April 4, 2011, Brightwell was convicted of capital murder and obstructing

---

[1] In light of the contents of this report and recommendation, the undersigned finds petitioner's motion for leave to proceed without prepayment of fees (Doc. 2) **MOOT**.

1

justice on February 24, 2005 and was thereafter sentenced to life without the possibility of parole for the capital murder of his common-law wife. (*See* Doc. 1, at 2 & 14.)[2]

2. Brightwell's convictions and sentences were affirmed on appeal. (*See id*. at 3.) His application for rehearing was denied by the Alabama Court of Criminal Appeals on April 28, 2006, *see Brightwell v. State*, 978 So.2d 72 (Ala.Crim.App. 2006) (table), and his petition for writ of certiorari was denied by the Alabama Supreme Court on July 14, 2006, *see Ex parte Brightwell*, 992 So.2d 806 (Ala. 2006) (table).

3. Petitioner did not collaterally attack his convictions and sentences in the state courts of Alabama. (Doc. 1, at 4.)

4. Brightwell filed the instant petition in this Court on April 4, 2011 (*compare* Doc. 1, at 1 (date-stamped April 4, 2011) *with id.* at 13 (petitioner does not indicate the date upon which he executed the petition and delivered same to custodial authorities for mailing)), and from that document the undersigned discerns that petitioner raises the following claims which he contends entitle him to relief: (1) the trial court's disallowance of evidence of his intoxication deprived him of his Fifth, Sixth, and Fourteenth Amendment rights; (2) the evidence offered at trial was insufficient to support a conviction for capital murder; (3) the evidence offered at trial was insufficient to support a conviction for obstructing justice; and (4) the trial court's failure to dismiss the charges

---

[2] Brightwell received a consecutive 10-year sentence for obstructing justice. (*See id*. at 18.)

based upon the State's failure to preserve evidence deprived him of due process of law. (*Id.* at 7-9 & 14-21.)

## CONCLUSIONS OF LAW

1.  A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

2.  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

3. Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and therefore, the timeliness of Brightwell's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his capital murder and obstructing justice convictions became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Brightwell's convictions became final in 2006.

4. Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" In *Bond v. Moore*, 309 F.3d 770 (2002) and *Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347 (2002), the Eleventh Circuit joined the majority of circuits regarding the meaning of subsection (A) and held that the statute of limitations period contained in 28 U.S.C. § 2244(d) does not begin to run "until the 90-day window during which Appellant could have petitioned the United States Supreme Court for a writ of certiorari expired." 309 F.3d at 771; *see also id.* at 774 ("Appellant was entitled to file a petition for a writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have begun to run until this 90-day window had expired. Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing. The statute of limitations should have begun to run, therefore, on March 13, 1997."); *Jackson, supra*, 292 F.3d at 1348-1349 & 1349 ("While we have not directly dealt with the issue in the context of a section 2254 petition, we indicated in dicta that, under the AEDPA, a state prisoner may have the benefit of the 90-day window before his conviction is considered final. . . . In the instant case, the Fourth District Court of Appeals of Florida [] affirmed Jackson's conviction on October 17, 1997. Giving Jackson the extra 90 days in which he could have filed for certiorari to the Supreme Court, Jackson's conviction became final at the latest on January 15, 1998."); *see Pugh v. Smith,* 465 F.3d 1295, 1299 (11th Cir.

5

2006) (AEDPA's one-year statute of limitations "allows a prisoner the time to seek direct review in the Supreme Court of the United States."); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("Under the statute, a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until--following a decision by the state court of last resort--'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'"); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) ("[T]he one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired. A criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari."); *United States v. Torres*, 211 F.3d 836, 839-840 (4th Cir. 2000) ("In § 2244, Congress specifically stated that the one-year limitation period will run from the time that a state judgment becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.' . . . In using this phrase, Congress offered two dates from which its one-year limitation period can begin running: (1) at the conclusion of direct review or (2) at the expiration of time in which further direct review could have been sought, but was not. Congress, therefore, expressly provided an alternative starting date for its limitation period in the circumstance where a state defendant fails to seek further direct review of his conviction. The language Congress used, 'by the conclusion of direct review or the expiration of the time for seeking such review,' expands the period of time before the start of the limitation period for filing a habeas petition beyond the date

that marks the conclusion of direct review of that judgment."); *Bowen v. Roe,* 188 F.3d 1157, 1158-1159 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Therefore, when a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."). Under the facts of this case, this Court need add the ninety days contemplated by Supreme Court Rule 13.1 since petitioner appealed his case to Alabama's court of last resort on his direct appeal as of right. The Alabama Supreme Court denied Brightwell's petition for writ of certiorari on July 14, 2006. Ninety days added to this date renders a beginning date for petitioner's statute of limitations of October 12, 2006.

5.  Brightwell's one-year period of limitations under AEDPA began to run on October 12, 2006 and expired on October 12, 2007. Petitioner is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"); *cf. Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("We agree with the Tenth and Fifth Circuits that the time during

7

which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001), because he did not file any state collateral attacks on his convictions and sentences, *cf. Pace v. DiGuglielmo,* 544 U.S. 408, 413, 125 S.Ct. 1807, 1811-1812, 161 L.Ed.2d 669 (2005) ("As in *Artuz*, we are guided by the 'common usage' and 'commo[n] underst[anding]' of the phrase 'properly filed.' In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exceptions. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Accordingly, the only avenue by which this Court can consider the merits of petitioner's § 2254 petition is by finding that he is entitled to equitable tolling of AEDPA's one-year limitations period.

6. Recently, in *Holland v. Florida*, 560 U.S. __, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at __, 130 S.Ct. at 2560, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at __, 130 S.Ct. at 2562. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented

9

from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998). The Supreme Court in *Holland* indicated that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence[,]" *id*. at ___, 130 S.Ct. at 2565, and gave the following guidance with respect to "extraordinary circumstances":

> We have previously held that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.
>
> The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized

the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at __, 130 S.Ct. at 2564.

7. In this case, petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Petitioner makes no argument that he was ignorant of the one-year limitations period.[3] Instead, he contends that he is entitled to equitable tolling of the one-year limitations period because he was incarcerated in the segregation unit of Holman Correctional Facility for "2 years without access to [his] legal material and assistance from someone trained in the law." (Doc. 1, at 12.) In

---

[3] In truth, such an argument would not serve as a basis to equitably toll the limitations period. *Gardner v. Walker*, 2005 WL 1127137, *1 (M.D. Ga. May 7, 2005) ("'Ignorance of the law is no excuse; it is not a reason for equitable tolling.' . . . Here, Petitioner's Objection is without merit because his ignorance of AEDPA's limitations period fails to amount to 'extraordinary circumstance[s]' for equitable tolling purposes."); *see also Burton v. Deloach,* 2008 WL 2131398, *2 (M.D. Ala. March 13, 2008) ("The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period."), *report & recommendation adopted by Burton v. Deloach,* 2008 WL 2131395 (M.D. Ala. May 20, 2008); *see Teel v. Farrell*, 2006 WL 1148817, *4 (M.D. Ala. April 28, 2006) ("[A]n inmate's status as a pro se litigant does not warrant equitable tolling.").

addition, Brightwell contends that the one-year limitations period is inapplicable to his case since he is actually innocent of capital murder and obstructing justice.

8. Petitioner argues that the one-year limitations period should be equitably tolled because he was incarcerated in the segregation unit of Holman Correctional Facility for two years without access to his legal materials and assistance from someone trained in the law. This argument need fail since the instant habeas corpus petition was filed almost four and one-half (4½) years after Brightwell's convictions and sentences became final. Therefore, the undefined two-year period petitioner spent in segregation[4] obviously does not come close to encompassing this 4½-year span of time, even if this Court was to accept petitioner's tolling argument and assume that he was sent to segregation at a time close in proximity to the time his one-year period expired, that is, October 12, 2007. While being confined in segregation "might" constitute "extraordinary circumstances" for the two-year span of such restricted confinement, it does not constitute extraordinary circumstances for the period beyond that 2-year span but before the filing of the instant petition nor does that condition have any impact on Brightwell's obligation to diligently investigate and bring his claims following the conclusion of such restrictive confinement. In short, it is apparent to the undersigned that nothing other than

---

[4] If Brightwell has any relevant information to provide this Court under penalty of perjury regarding the sequence of events, vis-à-vis his learning of the Alabama Supreme Court's denial of his petition for writ of certiorari and his placement in administrative segregation (with exact dates of incarceration in administrative segregation noted), he is certainly welcomed to send same to Chief United States District Judge William H. Steele for his consideration. If necessary, Chief Judge Steele can refer such relevant information to the undersigned for consideration.

petitioner's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.

9. The undersigned now considers Brightwell's argument that the one-year limitations period is not applicable to his case since he is actually innocent of the capital murder of his common-law wife and obstructing justice. Although the Eleventh Circuit has not yet decided "whether a showing of actual innocence is an exception to the one-year statute of limitations in AEDPA[,]" *Ray v. Mitchem*, 272 Fed.Appx. 807, 810 n.2 (11th Cir.),[5] *cert. denied*, ___ U.S. ___, 129 S.Ct. 204, 172 L.Ed.2d 170 (2008), it has guided courts to make the actual innocence inquiry as opposed to "addressing the difficult constitutional question of whether the limitations period constitutes a violation of the Suspension Clause if the petitioner can show actual innocence[.]" *Id*. To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995); *see also id.* at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). Brightwell has not come forward

---

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

with any new reliable evidence which establishes his actual innocence of capital murder and obstructing justice and thereby undermines his convictions. Petitioner, in fact, cites to no new evidence in his unsworn arguments attached to his petition; instead, he is content with making conclusory arguments that he was convicted based on circumstantial evidence. Accordingly, Brightwell's federal habeas petition is time-barred. *Cf. Justo v. Culliver*, 317 Fed.Appx. 878, 881 (11th Cir. 2008) ("Justo fails to show actual innocence to the offense to which he pleaded guilty. No error has been shown in the dismissal of Justo's habeas petition as time-barred.").

10. Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146

L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as a district court can raise *sua sponte* the AEDPA statute of limitations, *Jackson, supra*, 292 F.3d at 1349, within the context of Rule 4, *Johnson v. Chase*, 2006 WL 2949442, *1 (S.D. Ga. 2006) ("Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation *sua sponte* and dismiss those actions that are time barred."), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Brightwell should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

11.  Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## **CONCLUSION**

The Magistrate Judge recommends that Horace Gregory Brightwell's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 11th day of April, 2011.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[6]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).